UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-5990-SJO-KK | Date | October 6, 2015 |
|---|---|---|---|
| Title | Darrell Rauls v. Robert W. Fox | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order Denying Respondent's Motion to Dismiss [Dkt. 9] Without Prejudice and Requiring Answer to Petition**

On August 7, 2015, Darrell Rauls ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his 2013 conviction in Los Angeles County Superior Court for second degree burglary. In support of his request for federal habeas relief, Petitioner asserts he was denied his right to represent himself at hearings on July 6, 2012 ("Claim One") and July 20, 2012 ("Claim Two"). Respondent has filed a Motion to Dismiss the Petition ("Motion") contending Claim One is unexhausted. For the reasons set forth below, the Court declines to dismiss the Petition because it appears the claim was fairly presented to the California state court. Furthermore, because Respondent's Motion only challenges exhaustion of Claim One, the Court orders Respondent to file an Answer addressing the merits of the Petition's claims.

# I.
# PROCEDURAL BACKGROUND

On March 8, 2013, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of second degree burglary, in violation of California Penal Code section 459. Lodged Document ("Lodg.") 1 at 109.[1] On April 10, 2013, the trial court

---

[1] The Court's references to lodged documents refer to the documents Respondent lodged with the Court in support of his Motion to Dismiss. ECF Docket No. 10. Lodged Document 1 is a copy of the Clerk's Transcript ("CT") from Petitioner's trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5990-SJO-KK | Date | October 6, 2015 |
|---|---|---|---|
| Title | Darrell Rauls v. Robert W. Fox | | |

sentenced Petitioner to five years in state prison. CT at 113-115.

On April 10, 2013, Petitioner filed a notice of appeal from the judgment of conviction. Lodg. 1 at 125. On April 1, 2014, Petitioner filed a supplemental opening brief explaining the difficulties he encountered obtaining a copy of the transcript of the July 6, 2012 hearing he attended where the court allegedly denied him his right to represent himself, because the minute order incorrectly reflected he failed to appear. Lodg. 7. On June 30, 2014, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal, finding Petitioner failed to appear at his July 6, 2012 arraignment, but with sufficient excuse. Lodg. 8.

On July 14, 2014, Petitioner filed a petition for rehearing with the California Court of Appeal, once again explaining the error in the Superior Court's records of the July 6, 2012 hearing. Lodg. 9. On July 21, 2014, the California Court of Appeal summarily denied Petitioner's petition for rehearing. Lodg. 10.

On August 12, 2014, Petitioner filed a petition for review to the California Supreme Court, once again claiming he was denied the right to represent himself at a hearing on July 6, 2012 and attaching a letter dated July 22, 2014 from the clerk of court explaining the court's error and providing a corrected minute order for July 6, 2012 showing Petitioner was in court on that day. Lodg. 11. On September 17, 2014, the California Supreme Court summarily denied Petitioner's petition for review. Lodg. 12.

On August 1, 2015, Petitioner filed the instant Petition. (ECF Docket No. ("dkt.") 1. On September 30, 2015, Respondent filed the instant Motion. Dkt. 9.

## II.
## DISCUSSION

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)).

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5990-SJO-KK | Date | October 6, 2015 |
|---|---|---|---|
| Title | Darrell Rauls v. Robert W. Fox | | |

Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

"Exhaustion, however, does not require that a habeas petitioner . . . present to the state courts *every piece of evidence* supporting his federal claims in order to satisfy the exhaustion requirement. Rather, to exhaust the factual basis of the claim, the petitioner must only provide the state court with the operative facts, that is, all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies." Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal citations and quotation marks omitted, emphasis in original).

Respondent concedes Petitioner fairly presented the legal basis of Claim One, in that the petition to the California Court of Appeal included a reference to a specific federal constitutional guarantee, but contends Petitioner failed to exhaust the factual basis of his claim. Respondent argues Petitioner failed to exhaust Claim One because Petitioner presents supplemental evidence in support of the instant Petition (i.e. the transcript of the July 6, 2012 hearing) not presented to the state court. Respondent claims this new evidence fundamentally alters the claim. Mot. at 6-7.

Here, Petitioner set forth the operative facts of his claim in support of his appeal to the California Court of Appeal that he was present in court on July 6, 2012 and was allegedly denied counsel in violation of Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525, 2532, 45 L. Ed. 2d 562 (1975). Lodg. 7 at 3-8. Petitioner has consistently alleged he was present at a hearing on July 6, 2012 and was improperly denied the right to represent himself. Id.; Lodg. 9, 11. While the state court never had the benefit of a copy of the transcript of the July 6, 2012 hearing, Petitioner adequately described the factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5990-SJO-KK | Date | October 6, 2015 |
|---|---|---|---|
| Title | Darrell Rauls v. Robert W. Fox | | |

basis of the claim, such that the state court had a fair opportunity to consider the claim.[2] Hence, the additional evidence presented by Petitioner does not fundamentally alter the claim already considered by the state courts, and, therefore, does not require that Petitioner return to the state court for consideration of that evidence. Vasquez v. Hillery, 474 U.S. 254, 260, 106 S. Ct. 617, 622, 88 L. Ed. 2d 598 (1986) (finding supplemental evidence did not fundamentally alter the claim considered by the state courts).

IT IS THEREFORE ORDERED:

1. Respondent's request for dismissal of the Petition in its Motion to Dismiss on the grounds Claim One is unexhausted is **DENIED** without prejudice to reassertion of a failure to exhaust defense in Respondent's Answer.

2. Respondent is instructed to file and serve an Answer to the Petition addressing the merits of the Petition's claims within **21 days of the date of this Order**.

---

[2] Further Petitioner diligently attempted to obtain a copy of the July 6, 2012 hearing transcript, but did not receive a copy until after the California Supreme Court summarily denied his petition for review. See Pet. at 69, 70 (letters evidencing earlier attempts to obtain copies of the transcript); Lodg. 11 at 23 (letter from clerk of Superior Court dated July 22, 2014); Pet. at 65 (court reporter's certification of July 6, 2012 hearing transcript dated October 5, 2014).